IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-cv-00537-FL

**Lorenzo Richardson**,

    Plaintiff,

v.

**Gerald Baker**, et al.,

    Defendants.

**Order &
Memorandum & Recommendation**

Plaintiff Lorenzo Richardson, proceeding pro se, wants to sue several individuals and entities for alleged violations of his constitutional rights. *See* Compl., D.E. 1, 1–1, 1–2. He asks to do so without paying the standard filing fee for civil actions. *See* IFP Mot., D.E. 2. The court will not require Richardson to pay the filing fee because he lacks the resources to do so. But the complaint fails to state a claim for relief. So the undersigned recommends that the court dismiss Richardson's complaint without prejudice and grant him leave to file an amended complaint.

**I.    Background**[1]

Richardson complaint is difficult to decipher. It appears to allege that various law enforcement officers and entities conspired with others to violate his constitutional rights over several years. D.E. 1, 1–1, 1–2. The complaint references corruption, false arrest, false

---

[1] Richardson is a familiar litigant to this court. *See Richardson* v. *Lopez*, No. 5:21-CV-413-BO, 2022 WL 3337151 (E.D.N.C. June 26, 2022), *adopted*, 2022 WL 3365055 (E.D.N.C. Aug. 15, 2022) (dismissing complaint), *aff'd*, 2023 WL 2135459 (Feb. 16, 2023); Order, *Richardson* v. *Wake Cnty. Sheriff's Off.*, No. 5:14-CV-549-D (E.D.N.C. June 19, 2015) (dismissing complaint for failing to state a cognizable claim); Order, *Ali* v. *Greene*, No. 5:12-CV-424-D (E.D.N.C. Oct. 19, 2012) (dismissing complaint as frivolous); *Richardson* v. *N.C. Dep't of Health & Hum. Servs.*, No. 5:12-CV-180-D, 2012 WL4426303, at *1 (E.D.N.C. June 29, 2012), *adopted*, 2012 WL 4426059 (E.D.N.C. Sept. 24, 2012) (dismissing complaint as frivolous); *Ali* v. *Worf*, No. 5:12-CV-261-D, 2012 WL 2786387, at *2 (E.D.N.C. May 18, 2012), *adopted*, 2012 WL 27863 80 (E.D.N.C. July 9, 2012) (dismissing complaint as frivolous), *aff'd*, 484 F. App'x 830 (4th Cir. 2012) (per curiam); Order, *Richardson* v. *Greene*, No. 5:11-CV-202-H (E.D.N.C. July 6, 2011) (dismissing complaint for failing to state a claim), *aff'd*, 465 F. App'x 240 (4th Cir.) (per curiam).

imprisonment, discrimination, wrongful prosecution, and due process violations that interfered with Richardson's rights under the First, Fourth, Fifth, and Eight Amendments. *Id.* Richardson brings his claims under 42 U.S.C. § 1983. D.E. 1–1 at 2.[2]

Richardson names as Defendants Wake County Sheriff Gerald Baker, his office, and three Sheriff's deputies, Adam Midgette, Thomas Teal, and Tim Jarvis. D.E. 1–2 at 2–3. It also names the Sheriff's Office alleged surety Jet Insurance, claim representative On Point Solutions, Garner Police Officer J.R. Moore, and Wake County Magistrate David Brannon as Defendants. D.E. 1–1 at 2–3. Richardson maintains that he sues Defendants in both their official and individual capacities. D.E. 1 at 2.

For relief, Richardson seeks monetary damages for "tangible and intangible injuries" and unspecified losses. D.E. 1–1 at 5.

## II. IFP Motion

Richardson asks the court to allow him to proceed with this action without paying the required filing fee and other costs associated with litigation (colloquially known as proceeding in forma pauperis or IFP). The court may grant his request if he submits an affidavit describing his assets and the court finds that he is unable to pay the filing fee. 28 U.S.C. § 1915. In assessing a request to proceed IFP, the court should consider whether the plaintiff can pay the costs associated with litigation "and still be able to provide himself and his dependents with the necessities of life." *Adkins* v. *E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).

---

[2] The complaint also identifies North Carolina statutes addressing surety and bonds, but these are not causes of action. But as much as he attempts to bring state law claims, the court should decline to exercise supplemental jurisdiction. *See* 18 U.S.C. § 1367(a).

2

The court has reviewed Richardson's application and finds that he lacks the resources to pay the costs associated with this litigation. The court thus grants Richardson's motion (D.E. 2) and allows him to proceed IFP.

**III. Screening Under 28 U.S.C. § 1915**

After determining that Richardson is entitled to IFP status, the court must analyze the viability of his claims. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate claims that unnecessarily impede judicial efficiency and the administration of justice. The court must dismiss any portion of the complaint it determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

The court may dismiss a complaint as frivolous because of either legal or factual shortcomings. *Neitzke* v. *Williams*, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist.'" *Adams* v. *Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton* v. *Hernandez*, 504 U.S. 25, 32–33 (1992).

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Richardson's pro se status relaxes, but does not eliminate, the requirement that his complaint contain facially plausible claims. The court must liberally construe a pro se plaintiff's

3

allegations, but it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. *Johnson* v. *BAC Home Loans Servicing, LP*, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011).

Richardson's brings his claims under 42 U.S.C. §1983, which creates civil liability for any person acting under the color of state law who deprives a plaintiff of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. Therefore, to state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West* v. *Atkins*, 487 U.S. 42, 48 (1988); *Philips* v. *Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

The complaint, however, contains few, if any, rational assertions that clearly identify the alleged wrongs the named Defendants effected. It offers no clear and logical account of who did what to whom and when. Instead, it makes only hyperbolic allegations and legal conclusions with minimal factual statements. His complaint thus fails to offer a "short and plain statement" as required under Rule 8 of the Federal Rules of Civil Procedure. And the lack of factual detail impedes the complaint's ability to advance plausible, not "merely conceivable," claims. *See Twombly*, 550 U.S. at 547.

Richardson's submissions fail to assert any cogent claim against the Defendants. Because it fails to state a claim for relief, the undersigned recommends that the court dismiss Richardson's complaint.

IV. **Conclusion**

The court concludes that Richardson has shown he lacks the means to pay the filing fee, and thus the court grants his request to proceed IFP. D.E. 2.

But the undersigned recommends that the district court dismiss the complaint without prejudice for failing to state a claim.

The Clerk of Court must serve a copy of this Memorandum and Recommendation ("M&R") on each party who has appeared in this action. Any party may file a written objection to the M&R within 14 days from the date the Clerk serves it on them. The objection must specifically note the portion of the M&R that the party objects to and the reasons for their objection. Any other party may respond to the objection within 14 days from the date the objecting party serves it on them. The district judge will review the objection and make their own determination about the matter that is the subject of the objection. If a party does not file a timely written objection, the party will have forfeited their ability to have the M&R (or a later decision based on the M&R) reviewed by the Court of Appeals.

Dated: October 9, 2024

_____
Robert T. Numbers, II
United States Magistrate Judge