IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:24-CV-537-FL

| | | |
|---|---|---|
| LORENZO RICHARDSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GERALD BAKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of plaintiffs' pro se complaint (DE 1, 1-1, 1-2) and proposed amended complaint (DE 13) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert T. Numbers, II entered October 9, 2024, a memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's claims be dismissed. Plaintiff filed objections and a purported amended complaint, which the court construes as a motion for leave to amend under Rule 15. For the following reasons, the court adopts the M&R, and denies plaintiff's motion for leave to amend.

**BACKGROUND**

As noted by the Magistrate Judge, plaintiff's allegations are "difficult to decipher." (M&R (DE 9) 1). As best the court can discern, and reading plaintiff's complaint liberally in light of his pro se status, plaintiff attempts to allege unlawful seizure claims under § 1983 against various law enforcement and judicial personnel.

Plaintiff's objections to the M&R elaborate upon these allegations, which the court will examine below. Plaintiff's purported amended complaint appears to allege that law enforcement and Wake County judges unlawfully denied him a restraining order.

**COURT'S DISCUSSION**

A.   Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend should be allowed "[i]n the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962).[1] "A proposed amendment is . . . futile if the claim it presents would not survive a motion to dismiss." Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation, 914 F.3d 213, 228 (4th Cir. 2019); see In re Triangle Cap. Corp. Sec. Litig., 988 F.3d 743, 750 (4th Cir. 2021) ("[D]istrict

---

[1]   Throughout this order, internal citations and quotation marks are omitted from citations unless otherwise specified.

courts are free to deny leave to amend as futile if the [pleading] fails to withstand Rule 12(b)(6) scrutiny.").

B.  Analysis

Plaintiff's objections go far beyond the substance of his original complaint, and instead amount to a de facto amended complaint. The court first addresses plaintiff's objections to the M&R, and then proceeds to his purported amended complaint labelled as such.

1.  Objections

Plaintiff's first objection is to the Magistrate Judge's recommendation that his complaint be dismissed for failure to meet pleading standards under Rule 8 and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The court has reviewed plaintiff's original complaint and concludes that the Magistrate Judge was correct to recommend dismissal on this ground. Plaintiff's original complaint fails to offer any plain statement of allegations as required.

Next, plaintiff objects to the Magistrate Judge's review of his case, on grounds that he did not consent to such assignment. The court rejects this assertion. Plaintiff's case was properly referred for review under 28 U.S.C. § 1915 and a recommended disposition under 28 U.S.C. § 636(b)(1)(B).

More substantively, plaintiff's objections effectively attempt to re-plead his allegations. But as in his original complaint, these allegations are near-indecipherable, and consist almost entirely of summary accusations of wrongdoing peppered with legal terms.

First, plaintiff alleges that defendants unlawfully arrested him (see Objs. (DE 12-1) 14–16), but he makes such allegations in summary, conclusory fashion with no factual support. These claims do not pass muster. Next, plaintiff attempts to sue a Wake County judge for denying him a protective order. But judicial officers are absolutely immune from § 1983 claims absent

3

Case 5:24-cv-00537-FL    Document 14    Filed 11/07/24    Page 3 of 5

extremely circumscribed exceptions not presented here. Mireles v. Waco, 502 U.S. 9, 11 (1991). This immunity applies even when a plaintiff alleges the pertinent actions were done "maliciously or corruptly." See Gibson v. Goldston, 85 F.4th 218, 223 (4th Cir. 2023). Plaintiff's allegations against a state judge cannot succeed. Finally, some of plaintiff's allegations appear to suggest that law enforcement failed to protect him from violence and property damage inflicted by his neighbors. But a plaintiff generally cannot lodge a Constitutional claim against a state actor for failing to protect him from the acts of private third parties. See Town of Castle Rock, Colorado v. Gonzales, 545 U.S. 748, 756 (2005); Doe ex rel. Johnson v. S.C. Dep't of Social Servs., 597 F.3d 163, 170–72 (4th Cir. 2010). This theory therefore cannot succeed either.

2. Amended Complaint

Plaintiff filed a purported amended complaint after the M&R was issued. The court treats this amended complaint as a motion for leave to amend under Rule 15. Such motion is properly denied if the amended complaint would not survive a Rule 12 motion. See United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

Plaintiff's proposed amended complaint repeats only his allegations against the Wake County judge plaintiff contends wrongfully denied him a protective order. These allegations necessarily fail, Waco, 502 U.S. at 11, and so plaintiff's complaint is futile within the meaning of Rule 15.

**CONCLUSION**

For the foregoing reasons, the court ADOPTS the M&R (DE 9). Plaintiff's claims are DISMISSED for failure to state a claim under Rule 12(b)(6). Plaintiff's motion for leave to amend (DE 13) is DENIED. The clerk is DIRECTED to close this case.

4

SO ORDERED, this the 7th day of November, 2024.

_____
LOUISE W. FLANAGAN
United States District Judge

5