IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 5:24-CV-537-FL

| | |
|---|---|
| LORENZO RICHARDSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GERALD BAKER, JET INSURANCE COMPANY, ON POINT RISK SOLUTIONS, ADAM B. MIDGETTE, THOMAS L. TEAL, TIM C. JARVIS, J.R. MOORE, DAVID S. BRANNON, WAKE COUNTY SHERIFF'S OFFICE, GARNER POLICE DEPARTMENT, SAM HAMADANI, in his individual and official capacity as a judge, JUDICIAL BRANCH OF NC, and C.T. JONES, | ) ) ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

ORDER

This matter is before the court upon plaintiff's motion to set aside judgment (DE 29), which motion, for reasons discussed, must be and is denied.

BACKGROUND

Plaintiff complains among other things of alleged unlawful seizures. Reference is made to the court's prior orders for details therein provided, including plaintiff's extensive litigation history, incorporated here by reference. What comes now before the court in this case concluded in judgment entered November 7, 2024, dismissing the case, is plaintiff's fourth post-judgment motion.

COURT'S DISCUSSION

Like his previous filings, this one made April 4, 2025, offers no cognizable basis in law or fact for the court to reconsider its judgment or otherwise grant any relief. The court now considers it necessary to preserve its resources and pronounce finality in this case by imposing a prefiling injunction.

The All Writs Act, 28 U.S.C. § 1651, grants federal courts the power to limit access to the courts by vexatious and abusive litigants, subject to significant procedural safeguards and requirements. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). This remedy is necessary to prevent "a litigant's continuous abuse of the judicial process" by filing "meritless and repetitive" motions. Such a strong remedy should, however, be used cautiously and sparingly. Id.

The court must weigh all the relevant circumstances, including 1) the party's litigation history, especially whether he has filed vexatious, harassing, or duplicative suits; 2) whether the party had any good faith basis for such suits; 3) the burden on the court and other parties from the party's filings; and 4) the adequacy of alternative sanctions. Id. at 818. If the court determines, after weighing all these factors, that an injunction is warranted, it must ensure such injunction is narrowly tailored to the circumstances at issue, and provide the to-be-enjoined party with notice and the opportunity to be heard. Id. at 818–19.

Plaintiff's litigation history weighs in favor of a prefiling injunction. Plaintiff advances no good faith basis to have made these filings. Plaintiff's filings have burdened this court. Plaintiff's complaint in this case, like so many before, failed to pass frivolity review under 28 U.S.C. § 1915(e). Under circumstances presented, other sanctions likely will not deter plaintiff's conduct.

2

Monetary sanctions are not appropriate. Procedural sanctions up to and including dismissal are unavailable.

In light of the foregoing, the court proceeds to narrowly tailoring an injunction specific to the circumstances of this case. A narrowly tailored injunction would address "only filings in [the instant] or related actions." Cromer, 390 F.3d at 819.

**The court will therefore limit its injunction to cover only future filings in this case, number 5:24-cv-537-FL, except 1) a notice of appeal; or 2) any other filing accompanied by an affidavit signed by an attorney licensed to practice law in, and in good standing with, the bar of any U.S. state or territory attesting that plaintiff's filing is presented in good faith and for a proper purpose under Federal Rule of Civil Procedure 11. The clerk of court will be directed to decline to docket any filings that fall outside these exceptions.**

Nothing in this order or any injunction shall be construed to limit in any way plaintiff's ability 1) to make any filings not specifically encompassed within the previous paragraph; 2) to defend himself in any criminal action; 3) to file for a writ of habeas corpus or other extraordinary writ; or 4) to access any federal court of appeals, the United States Supreme Court, or any other federal or state court.

Last, the court proceeds to Cromer notice. The court hereby places plaintiff on notice that the court intends to enjoin him from making any further filings on such terms set out, and as limited, in the previous two paragraphs. **Plaintiff is directed to show cause within 21 days of the issuance of this order why such injunction should not be imposed.**

SO ORDERED, this the 23rd day of July, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge